**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**HENRY HINTON, JR.**                                                                                       **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 5:16-cv-15-DCB-MTP**

**SHELTON JOLIFF**                                                                                           **DEFENDANT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether this action should be dismissed for failure to state a claim or dismissed as frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B). Having considered the record and the applicable law, the undersigned recommends that this action be dismissed as legally frivolous and for failure to state a claim. The undersigned also recommends that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

### BACKGROUND

On February 12, 2016, Plaintiff Henry Hinton, Jr., proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Mississippi Bureau of Narcotics Agent Shelton Joliff racially profiled and illegally stopped him. *See* Amended Complaint [12].[1] Specifically, Plaintiff alleges that after he drove his vehicle into a Rite Aid drive-through, Defendant stopped him with "no probable cause." Instead, Defendant allegedly stopped Plaintiff because of the "lone fact that the Plaintiff was an African American male." *Id*. at 1-2. Plaintiff further alleges that "[n]o judge would issue a probable cause to stop or arrest

---

[1] In his initial Complaint [1], Plaintiff also asserted claims against the State of Mississippi and Mississippi Bureau of Narcotics, but Plaintiff dismissed these Defendants. *See* Response [11]; Order [13].

warrant based on what Jolliff had." *Id*. at 4.  According to Plaintiff, he was arrested and Defendant's search revealed narcotics.  As a result, on October 6, 2015, Plaintiff pleaded guilty to three counts of possession of narcotics with intent to distribute and one count of prescription fraud. *See* Response [11] at 1.  Additionally, Plaintiff's guilty plea allegedly led to a forfeiture hearing on November 2, 2015, during which he lost $7,764, a laptop computer, brief case, printer, camera, and phone. *Id*. at 2.[2]  Plaintiff asserts that Defendant violated his civil rights, and Plaintiff seeks damages for the loss of his property at the forfeiture hearing.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  Plaintiff claims that Defendant racially profiled him and stopped him without probable cause.  Defendant's stop resulted in the arrest and conviction of Plaintiff, following his guilty plea.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a Section 1983 claim challenging the constitutionality of his conviction unless the conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus.  The purpose of this rule is to avoid

---

[2] Plaintiff alleges that "[h]e had patent idea's [sic] on his computer which he has now lost." *See* [12] at 7.

2

collateral attacks on convictions that are "still pending." *Hudson v. Hughes*, 98 F.3d 868, 872 (quoting *Heck*, 512 U.S. at 487). A Section 1983 claim is barred when a judgment for the plaintiff would "necessarily imply" the invalidity of a conviction. *Heck*, 512 U.S. at 487.

  Plaintiff alleges that Defendant had no probable cause to stop him, but did so based solely on Plaintiff's race. Section 1983 claims based on an illegal stop, search, or seizure do not always implicate *Heck*. In dictum, the Supreme Court explained that all claims based on violations of the Fourth Amendment do not necessarily imply the invalidity of an underlying conviction. *See Heck*, 512 U.S. at 487 n.7; *see also Mackey v. Dickson*, 47 F.3d 744, 764 (5th Cir. 1995). This is because of doctrines such as independent source, inevitable discovery, and harmless error, which could permit the introduction of illegally obtained evidence. *Id*. at 487 n.7. "There are some circumstances in which an unreasonable search or seizure claim may necessarily imply the invalidity of the conviction, however." *Easterling v. Ates*, 2014 WL 3747646, at *2 (S.D. Miss. July 29, 2014).

  In this action, a ruling from this Court that Plaintiff's constitutional rights were violated by Defendant's racial profiling and illegal stop would suggest that the evidence found by Defendant was obtained unlawfully and would necessarily imply that his conviction is invalid. There is nothing in the record to suggest that a doctrine such as independent source, inevitable discovery, or harmless error would permit the introduction of the items seized as evidence in this case. *See Id*. at 2-3; *see also Jones v. Whitehorn*, 439 Fed. App'x. 373 (5th Cir. 2011).[3]

---

[3] Plaintiff asserts that an officer who arrived at the scene as backup for Defendant represented an independent source and subjected Plaintiff's actions to inevitable discovery. *See* Response [11]; Amended Complaint [12]. "[T]he independent source doctrine allows courts to admit evidence obtained in an unlawful search if officers independently acquired it from a separate independent source." *Utah v. Strieff*, 136 S.Ct. 2056, 2061 (2016). "[T]he inevitable

Plaintiff pleaded guilty to the charges emanating from the traffic stop, and Plaintiff's convictions have not been reversed, expunged, or otherwise declared invalid or called into question. Accordingly, Plaintiff's claims are barred by *Heck*. *See Jones*, 439 Fed. App'x. 373; *Easterling*, 2014 WL 3747646, at *2; *Winters v. City of Gulfport*, 2014 WL 6476264, at * 3 (S.D. Miss. Nov. 19, 2014); *Fraise v. Clark*, 2010 WL 4637764, at *5 (S.D. Miss. Aug. 11, 2010); *Ducre v. Steinert*, 2009 WL 1456475, at *2 (E.D. La. May 22, 2009); *McDaniels v. Meeks*, 2006 WL 148743, at *2 (E.D. Mo. Jan., 18 2006) ("stop based solely on pattern and practice of racial profiling, without any reasonable suspicion, is unlawful and evidence is excludable, and thus implies conviction was improper triggering *Heck* bar") (citing *Gibson v. Superintendent of N.J. Dep't of Law*, 411 F.3d 427, 451-52 (3rd Cir. 2005)); *Garrett v. Mendez*, 2014 WL 4053957, at *2 (D.N.J. Aug. 14, 2014); *Crawley v. Sirois*, 2007 WL 926904, at **5-6 (D. Conn. Mar., 22, 2007) ("A judgment in favor of plaintiff . . . would imply the invalidity of his conviction for possession of narcotics with intent to sell because plaintiff's racial profiling claim alleges that he was pulled over, he was searched, drugs were seized and he was arrested without probable cause.").

Plaintiff's claims should be dismissed with prejudice to their being asserted again until

---

discovery doctrine allows for the admission of evidence that would have been discovered even without the unconstitutional source." *Id*. The backup officer, however, would not have arrived at the scene and could not have found any evidence without Defendant's alleged illegal stop. Plaintiff's allegations demonstrate that the discovery of the evidence against him was not inevitable, but was dependent upon Defendant's actions. Thus, the backup officer's arrival at the scene does not implicate the independent source doctrine or the inevitable discovery doctrine. Additionally, Plaintiff's allegations demonstrate that the harmless error doctrine does not apply.

the *Heck* conditions are met.[4] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).[5]

This dismissal should count as a "strike" pursuant to 1915(g). *See Jones v. McMillin*, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (citing *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous), *see also Easterling*, 2014 WL 3747646, at *2.

Additionally, because this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), Plaintiff's Motion for Entry of Default Judgment [21] and Motion for Default Judgment [25] should be denied as moot. Alternatively, if the Court finds that this action should not be dismissed, the Motion for Entry of Default Judgment [21] and Motion for Default Judgment [25] should be denied because an entry of default is not appropriate under the circumstances. It appears that Defendant was served on June 2, 2016. *See* Return [19].[6] Defendant filed his Answer [23] on August 11, 2016. That same day, Defendant responded to Plaintiff's Motion for Entry of Default Judgment. Defendant's Response [24] and the record reflects that Defendant's delay in filing a responsive pleading was due, in part, to an error on the docket. Moreover, the record does not indicate that Plaintiff has suffered any prejudice due to any delay. Thus, if this action is not dismissed, Plaintiff's Motions [21] [25] should be denied in

---

[4] To meet the *Heck* conditions, Plaintiff must demonstrate that his conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus.

[5] In *Johnson*, the Fifth Circuit stated that "[a] preferred order of dismissal would read: Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."

[6] In the Return [19], the United States Marshal indicates that he personally served Defendant. However, he also indicates that he executed service as shown in the "Remarks" section, but no remarks are provided. Accordingly, it is not clear that Defendant was properly served.

order that the claims and defenses may be considered on their merits.

## RECOMMENDATIONS

Based on the foregoing reasons, the undersigned recommends that this action be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.  The undersigned recommends that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

Additionally, because this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), Plaintiff's Motion for Entry of Default Judgment [21] and Motion for Default Judgment [25] should be denied as moot.  Alternatively, if the Court finds that this action should not be dismissed, the Motions [21] [25] should be denied because an entry of default is not appropriate.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 31st day of August, 2016.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge