```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

HENRY HINTON, JR.                                           PLAINTIFF

VS.                           CIVIL ACTION NO. 5:16-cv-15(DCB)(MTP)

SHELTON JOLLIFF                                             DEFENDANT

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This cause is before the Court on the plaintiff Henry Hinton, Jr.'s Motion for Entry of Default **(docket entry 21)**, and Motion for Default Judgment **(docket entry 25)**.  Magistrate Judge Michael T. Parker has made a Report and Recommendation **(docket entry 30)** to the Court recommending denial of the motions and dismissal of this action.  The plaintiff has filed two motions for extensions of time to file objections **(docket entries 32 and 33),** and has filed his objections (docket entry 35).  The defendant has responded to the objections (docket entry 37).  The plaintiff has also filed a motion to amend his Complaint, for a default judgment, and for sanctions **(docket entry 36)**.

On February 12, 2016, the plaintiff, Henry Hinton, Jr. ("Hinton"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983.  Hinton claims that Mississippi Bureau of Narcotics Agent Shelton Jolliff ("Jolliff") racially profiled and illegally stopped him.  Specifically, the plaintiff alleges that after he drove his vehicle into a Rite Aid

drive-through, Jolliff stopped him with "no probable cause." Instead, according to Hinton, Jolliff stopped him because of the "lone fact that the Plaintiff was an African American male." Amended Compliant, pp. 1-2. Hinton further contends that "[n]o judge would issue a probable cause to stop or arrest warrant based on what Jolliff had." Id., p. 4. According to Hinton, he was arrested and searched by Jolliff, and the search revealed narcotics. As a result, on October 6, 2015, the plaintiff pleaded guilty to three counts of possession of narcotics with intent to distribute and one count of prescription fraud. Plaintiff's Response (docket entry 11), p. 1. In addition, the plaintiff alleges that his guilty plea led to a forfeiture hearing on November 2, 2015, during which he lost $7,764, a laptop computer, brief case, printer, camera, and phone. Id., p. 2. The plaintiff asserts that the defendant violated his civil rights, and he seeks damages for the loss of his property at the forfeiture hearing.

    The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings in forma pauperis, and provides that "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Hinton was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

In his Report and Recommendation, Magistrate Judge Parker finds that, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), Hinton cannot bring a Section 1983 claim challenging the constitutionality of his conviction unless the conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus.  Magistrate Judge Parker further recommends that the plaintiff's claims be dismissed with prejudice to their being asserted again, unless and until the Heck conditions are met, i.e. if Hinton's conviction is reversed, expunged, declared invalid, or called into question by federal habeas corpus.

Hinton's Heck barred claims are legally frivolous (see Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996)), and shall be dismissed as legally frivolous and for failure to state a claim. The dismissal shall also count as a strike pursuant to 28 U.S.C. § 1915(g).

Because this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) & (ii), the plaintiff's Motion for Entry of Default Judgment (docket entry 21) and Motion for Default Judgment (docket entry 25) shall be denied as moot.  The plaintiff's motion to amend his Complaint, for a default judgment, and for sanctions (docket entry 36) shall also be denied as moot.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 30)** is ADOPTED as the

3

opinion of this Court;

FURTHER ORDERED that the plaintiff's Motion for Entry of Default Judgment **(docket entry 21)** and Motion for Default Judgment **(docket entry 25)** are DENIED AS MOOT;

FURTHER ORDERED that the plaintiff's motion to amend his Complaint, for a default judgment, and for sanctions **(docket entry 36)** is DENIED AS MOOT;

FURTHER ORDERED that the plaintiff's motions for extensions of time to file objections **(docket entries 32 and 33)** are MOOT, inasmuch as the plaintiff's objections were filed October 21, 2016 (docket entry 35);

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE to the plaintiff's claims being asserted again, unless and until the Heck conditions are met, i.e. if Hinton's conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus;

FURTHER ORDERED that the plaintiff's action is dismissed as legally frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g), which states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

If the plaintiff receives "three strikes," he will be denied in forma pauperis status and will be required to pay the full filing fee in order to file a civil action or appeal.

A Final Judgment in accordance with Federal Rule of Civil Procedure 58 will follow.

SO ORDERED, this the 12th day of December, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE